UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNK REMOTE TECHONOLOGIES, LLC<br><br>Plaintiff,<br><br>v.<br><br>SKY HARBOUR, LLC<br><br>Defendants. | Case No.:  24-CV-0551 W (AHG)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3) [DOC. 8]** |

Pending before the Court is Defendant Sky Harbour, LLC's motion to dismiss under Federal Rule of Civil Procedure 12(b)(3). Plaintiff Lynk Remote Technologies LLC opposes.

The Court decides the matter on the papers submitted and without oral argument. *See* CivLR 7.1(d)(1).  For the reasons provided below, the Court **DENIES** the motion to dismiss [Doc. 8].

//

//

## I. BACKGROUND

According to the Complaint, "Defendant Sky Harbour develops and leases private aviation hangar infrastructure campuses at airports throughout the United States." (*Compl.* [Doc. 1] ¶ 10.) Plaintiff Lynk Remote Technologies, LLC "develops and provides a mobile software application and related hardware which produces a 'smart hangar' experience (the 'Smart Hangar System') and also provides support, implementation and maintenance services for its Smart Hangar System." (*Id.* ¶ 8.)

On June 2, 2022, Plaintiff and Defendant entered into a written agreement (the "Agreement"), whereby Plaintiff was to develop a mobile software application for Defendant that would allow its tenants to control devices in the hangar with the mobile application. (*Mtn.* [Doc. 8] 3:3–9.) On March 22, 2024, Plaintiff filed this lawsuit asserting that Defendant breached the Agreement and seeking declaratory relief. (*See Compl.*)

Defendant now moves to dismiss under Federal Rule of Civil Procedure 12(b)(3), arguing that the parties' Agreement designated New York as the "exclusive jurisdiction over any and all disputes arising out of or in connection with the Agreement." (*Mtn.* 3:22–24.) Plaintiff opposes on the basis that a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) is the incorrect procedure for challenging venue based on a forum-selection clause. (*Opp'n* [Doc. 11] 1:1–27.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move to dismiss a complaint for improper venue. Plaintiff bears the burden of demonstrating venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). In considering a motion to dismiss under Rule 12(b)(3), a court need not accept the allegations in the pleadings as true and may consider facts outside the pleadings. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

Venue is generally governed by 28 U.S.C. § 1391. Under subsection (b), venue exists in: (1) a judicial district in which any defendant resides if all defendants reside in the same

state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) any judicial district in which any defendant is subject to the Court's personal jurisdiction if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

### III.   DISCUSSION

Defendant argues that this case should be dismissed because the forum-selection clause in the parties' Agreement designates New York. (*Mot.* 3:21–24.) Plaintiff responds that to prevail on the 12(b)(3) motion, Defendant must establish venue is improper under 28 U.S.C. § 1391. (*Opp'n* 1:2–6.) Because performance and payment were completed and received in this district, Plaintiff argues venue is proper and the motion must be denied. (*Id.* 2:14–17, citing *Compl.* ¶¶ 4, 5.)

In *Atlantic Marine Construction Co., Inc. v. U.S. District Court*, 571 U.S. 49 (2013), the Supreme Court addressed whether a 12(b)(3) motion to dismiss is the proper procedure to seek dismissal based on a forum-selection clause. Defendant argued that "a party may enforce a forum-selection clause by seeking dismissal of the suit under § 1406(a) and Rule 12(b)(3)." *Id.* at 55. The Court rejected defendant's argument and explained:

> When a venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the cause must be dismissed or transferred under § 1406(a). Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b). As a result, a case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3).

*Id.* at 577.

Here, Plaintiff contends that jurisdiction exists under § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. (*Opp'n* 5:25–6:5; *see also Compl.* ¶¶ 4, 5.) Defendant does not dispute this

contention and instead in the Reply doubles down on the argument that under this Court's decision in *Express Companies Inc. v. Mitel Tech., Inc.*, 2013 WL 5462301 (S.D. Cal. 2013) Rule 12(b)(3) may be used to challenge venue based on a forum selection clause. (*Reply* [Doc. 12] 2:22–24.)

*Express Companies*, which relied on the Ninth Circuit's decision in *Argueta,* 87 F.3d 320, was decided before *Atlantic Marine*. As Defendant's counsel should be aware, under these circumstances, *Express Companies* and *Argueta* are no longer good law on this point. Because venue is proper under § 1391(b)(2), Defendant's motion to dismiss under Rule 12(b)(3) must be denied.[1]

## IV.  CONCLUSION & ORDER

For the above reasons, the Court **DENIES** Defendant's motion to dismiss [Doc. 8].

**IT IS SO ORDERED.**

Dated:  March 6, 2025

Hon. Thomas J. Whelan
United States District Judge

---

[1] Plaintiff also argues the forum-selection clause is unenforceable because it contains a pre-dispute jury waiver. Because Rule 12(b)(3) is the incorrect procedure for enforcing the clause, the Court need not decide the issue. Additionally, because the issue was first raised in the opposition, the parties' briefs do not sufficiently address all the issues relevant to whether the forum-selection clause is enforceable.